# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

Jerry R, Emerick,                )
              Movant,      )
vs.                              ) No. 11-00902-CV-W-FJG
United States of America,        ) Crim. No. 09-00116-01-CR-W-FJG
              Respondent. )

## ORDER

Pending before this Court are movant's two post-conviction motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Motion I, Doc. No. 2, filed on August 18, 2011, and signed by movant on August 11, 2011; and Motion II, Doc. No. 1, filed on September 8, 2011). The Court finds that it has jurisdiction over this matter.

On April 9, 2009, movant waived indictment and pled guilty to a one-count information, pursuant to a written plea agreement, to conspiracy in violation of 18 U.S.C. § 371. Crim. Doc. Nos. 1, 2, 5, and 6. On July 30, 2010, after granting the government's substantial assistance motion, the Court sentenced movant to 30 months imprisonment, three years' supervised release, restitution in the amount of $5,289,819.67, and a $100 mandatory special assessment. Crim. Doc. Nos. 18 and 19. Movant did not appeal, as his plea agreement contained an appeal waiver. See Crim. Doc. No. 6. Movant has now filed the present motion.

Movant asserts various claims of ineffective assistance of counsel.[1] Movant also makes claims of actual innocence, a sentence based on erroneous loss information, and sentencing disparity among other defendants. Additionally, Movant claims that the Information was defective in that it failed to allege that the United States or one of its agencies was the injured party or target of the alleged conspiracy, and therefore the Court lacked statutory jurisdiction to proceed.

---

[1]Movant was represented by retained counsel J.R. Hobbs and David Bell at all relevant times.

To establish a claim for relief based upon ineffective assistance of counsel, petitioner must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motions (Doc. Nos. 2 and 1), respondent's opposition (Doc. No. 7), movant's reply (Doc. No. 9) and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. In particular, in the plea agreement, movant waived his rights to collaterally attack his conviction and sentence, and therefore all grounds for relief with the exception of the jurisdictional argument should be denied.[2] With respect to movant's jurisdictional argument that the Information was defective, the Court agrees with the government that the Information properly charged a conspiracy to violate the laws of the United States, which is sufficient under 18 U.S.C. § 371. See Tramp v. United States, 978 F.2d 1055 (8th Cir. 1992). Therefore, movant's motions to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. Nos. 2 and 1) are denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of

---

[2] Even if movant had not waived through his plea agreement his claims for ineffective assistance of counsel, actual innocence, a sentence based on erroneous loss information, and sentencing disparity, the Court finds these claims should also be denied on their merits for the reasons stated in the government's response (Doc. No. 7).

appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

    **IT IS SO ORDERED.**

                                      /s/Fernando J. Gaitan, Jr.
                                      Fernando J. Gaitan, Jr.
                                      Chief United States District Judge

Dated: November 30, 2011
Kansas City, Missouri